IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELOISE MARSHALL, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:13-CV-1791-K-BK |
| | § | |
| GREYHOUND CORP., et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff filed a *pro se* complaint against Greyhound Corporation and an unidentified driver stemming from a slip and fall injury on a bus en route to El Paso. For the reasons that follow, this action should be dismissed for want of prosecution.

**I. BACKGROUND**

The Court granted Plaintiff's motion to proceed *in forma pauperis* and ordered her to brief the basis for this Court's subject matter jurisdiction over the claims in this case. (Doc. 7, 8). After reviewing Plaintiff's response, the Court issued a questionnaire inquiring further about the claims and her reliance on diversity jurisdiction. (Doc. 12). The deadline for Plaintiff's response was July 22, 2013. As of the date of this recommendation, however, Plaintiff has not responded to the Court's questionnaire, nor has she sought an extension of time to do so. Moreover, on July 23, the questionnaire was returned to the Court as undeliverable and Plaintiff has not apprised the Court of her new address. (Doc. 13). This is the second time that orders/notices were returned to the Court as undeliverable because Plaintiff failed to notify the Court of her new address. (Doc. 9, 10).[1]

---

[1] On May 31, 2013, the *in forma pauperis* order was returned to the Court as undeliverable along with the *Notice and Instruction to Pro Se Party*. (Doc. 9, 10).

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the Court's questionnaire. She has impliedly refused or declined to do so. However, the Court is not required to delay disposition of this case until such time as Plaintiff provides her current address. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[2]

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for want of prosecution. *See* FED. R. CIV. P. 41(b).

SIGNED July 26, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff does not specify when the events at issue in this case occurred. Thus, it is unclear whether the higher standard for dismissal with prejudice for want of prosecution would be applicable in this case. *See Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985).

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE